Toomey, J.
Plaintiff Cindy Coughlin (“Coughlin") has brought suit for injuries she sustained as a result of an attack by the Hanson’s dog. The case is now before the court on defendant North Brookfield’s motion to dismiss Coughlin’s complaint. For the following reasons, North Brookfield’s motion to dismiss is ALLOWED.
BACKGROUND
On September 2, 1999, Coughlin suffered serious injuries to her hand when she was bitten by a dog owned by her neighbors, the Hansons. The incident occurred in Coughlin’s house after the dog entered through an open porch door. At the time of the incident, the dog had been under a removal order issued by the Town of North Brookfield on May 28, 1996. On that date, the town selectmen had ordered that the dog be removed from the town within seven days. The removal order was, however, never carried out and the dog remained on the Hanson property through the incident at bar.
DISCUSSION
Pursuant to Mass.R.Civ.P. 12(b)(6), a court must dismiss a complaint for failure to state a claim where “it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977). The court will, however, accept as true the well-pleaded factual allegations of the complaint, as well as any inferences that can be drawn therefrom in the plaintiffs favor. Eyal v. The Helen Broadcasting Company, 411 Mass. 426, 429 (1991). Thus, a court should permit a plaintiff to prevail over a motion to dismiss “unless it appears with certainty that he is entitled to no relief under any combination of facts that could be proved in support of his claim.” Brum v. Town of Dartmouth, 44 Mass.App.Ct. 318, 322 (1998). Applying those principles to the case at bar, this court concludes that Coughlin cannot prevail against the municipal defendant.
A negligence claim against a municipality in the instant circumstances is limited to an action under the Commonwealth’s Tort Claims Act, G.L.c. 258. The Act provides, however, that “any claim based on an act or failure to act to prevent or diminish the harmful consequences of a condition or situation . . . which is not originally caused by the public employer . . .’’is exempt from suit. G.L.c. 258, §10(j).
The Supreme Judicial Court has labored to make sense of the “interpretive quagmire” of §10(j). Brum v. Town of Dartmouth, 428 Mass. 684, 692 (1999). Having determined that, under §10(j), “there is immunity in respect to all consequences except where ‘the condition or situation’ was ‘originally caused by the public employer,’ ” id., the Court then struggled to give a reading to the phrase, “originally caused by the public employer," that would avoid swallowing up the immunity intended in §10(j) and refrain from relegating the *448 statutory language to surplusage. Id. at 692-96. The Court was concerned that, “if a neglect of a duty can be taken to ‘originally cause)]’ ... a ‘situation,’ then the opening words of §10(j), immunizing *act[s] or failure[s] to act to prevent,’ which we take to announce the provision’s principal purpose, would virtually be read out of the provision.” Id. at 692-93. The Court finally, and firmly, gave life to the legislative effort to provide immunity by concluding that §10(j) excluded the defendants’ liability, for their failure to remedy a lack of security on school grounds and thus to prevent plaintiffs demise, where the injury was not “originally caused by the public employer.” Id. at 696.
Coughlin seeks to distinguish Brum by asserting that North Brookfield’s negligence is not merely a Brum-like failure to prevent or diminish the harmful consequences of a condition. Rather, Coughlin paints North Brookfield’s failure to follow up on its order to remove the dog as the “original cause" of the situation which occasioned her injuries.
This court is not persuaded by Coughlin’s distinction. What Coughlin describes as North Brookfield’s affirmative act is, in reality, the passive neglect of its duty to insure removal of the dog as ordered. This neglect of its duly is recognized by Brum as nothing more than “a failure to act to prevent or diminish the harmful consequences of a condition or situation.” Id. at 693. North Brookfield might well have prevented the dog bite by removing the dog, but its failing so to prevent cannot, under G.L.c. 258, §10(j), be the underpinnings of suit. See id.
Under Coughlin’s interpretation of Brum, every conceivable “failure to prevent” could be recast as an affirmative act “originally caus[ing]” the situation. Such a view would effectively abolish the very immunity that §10(j) intended to create. See id. at 692-93. This court is not inclined to do such damage to the legislative will and, accordingly, Coughlin will not be permitted to proceed against the Town.
ORDER
For the foregoing reasons, defendant Town of North Brookfield’s motion to dismiss is ALLOWED.